UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BRENT KILBOURNE,　　　　　　　　　Case No. 23-13008

　　　　Plaintiff,　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　　　United States District Judge

HEIDI WASHINGTON, *et al.*,　　　　　　　　Elizabeth A. Stafford
　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

　　　　Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTION
(ECF No. 21) TO MAGISTRATE JUDGE'S ORDER (ECF No. 20)**

**I.　　PROCEDURAL HISTORY**

This matter is before the Court on Plaintiffs' Objection (ECF No. 21) to the Magistrate Judge's Order denying the appointment of counsel. (ECF No. 20). Plaintiff is a prisoner in the custody of the Michigan Department of Corrections. He filed this prisoner civil rights suit on November 28, 2023, alleging that Defendants censored an email message and denied him due process in violation of the First and Fourteenth Amendments. (ECF No. 1). Plaintiff moved for appointment of counsel. (ECF No. 19). Magistrate Judge Elizabeth A. Stafford denied Plaintiff's motion. (ECF No. 20). Plaintiff timely objected to that Order. (ECF No. 21).

1

For the reasons detailed below, the court finds that none of the objections state a clearly erroneous mistake requiring this court to set aside or modify the order and therefore **AFFIRMS** the order of the Magistrate Judge and **OVERRULES** Plaintiff's objections.

## II.     STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id.*  A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a

magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III.   ANALYSIS

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). There is no constitutional right to the appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). It is a privilege that is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Id.*

Plaintiff objects to the Magistrate Judge's decision because he argues that his reasons for seeking counsel are anything but "typical." He claims that Judge Stafford only focused on three of his asserted reasons: that he cannot afford counsel, that he has limited knowledge of law and procedural rules, and the case

is complex. (ECF No. 21, PageID.77, citing ECF No. 20, PageID.74). Plaintiff argues that Judge Stafford failed to focus on the primary issue in this case – an issue of first impression in the Sixth Circuit that is of major legal importance. More specifically, Plaintiff points to the case of *Benning v. Comm'r, Ga. Dep't of Corr.*, 71 F.4th 1324 (11th Cir. 2023), which held that a prisoner has a protected liberty interest in his outgoing emails. Plaintiff points out that the Sixth Circuit has cited *Benning* with approval, but has not specifically adopted its holding. Plaintiff also argues that this is not a typical prisoner suit in that he does not seek money damages, only injunctive and declaratory relief that could affect the rights of all Michigan prisoners by triggering due process protections for their outgoing and incoming emails.

Plaintiff also contends that Judge Stafford did not give appropriate weight to the complexity of the case and says that civil litigation by its nature is complex. Plaintiff also urges the court to reject Judge Stafford's reasoning that this case has not yet been tested by a motion for summary judgment because it is that motion for which Plaintiff needs counsel most, along with the taking of Defendant Heidi Washington's deposition. But Plaintiff raises no issues that are not faced by other prisoners proceeding pro se. *See Griffin v. Klee*, 2015 WL 3407919, at *2 (E.D. Mich. May 27, 2015) (Limited knowledge of the law, the desire for an attorney's

4

expertise, and a moderately complex subject matter do not present extraordinary circumstances differentiating the plaintiff from any other prisoner proceeding pro se). The decision to appoint counsel is within the court's discretion. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Based on the circumstances presented here, the court finds that the decision to deny counsel was well within Judge Stafford's discretion. Accordingly, the court **OVERRULES** Plaintiff's objections to Judge Stafford's order denying the appointment of counsel.

IV. **CONCLUSION**

Therefore, the Court **OVERRULES** Plaintiffs' Objections and **AFFIRMS** the Magistrate Judge's Order.

**SO ORDERED**.

Date: January 7, 2025  s/F. Kay Behm
F. Kay Behm
United States District Judge