UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KILBOURNE,

    Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

    Defendants.

_____/

Case No. 23-13008

District Judge F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND OVERRULING DEFENDANTS' OBJECTION**

    On April 16, 2025, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation proposing that the court grant in part and deny in part Defendants' motion for summary judgment. Defendants submitted a timely objection on April 30, 2025.

    With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Plaintiff Richard Kilbourne, a prisoner housed by the Michigan Department of Corrections, alleges that the MDOC's policy regarding email communications violates his First and Fourteenth Amendment rights. In particular, the policy does not provide for notice or a hearing to a prisoner whose email is rejected or censored. MDOC Policy Directive 05.03.119 ¶ C ("An e-mail that is determined to violate PD 05.03.118 shall be rejected. The intended prisoner recipient is not entitled to notice of the rejection or a hearing."). In contrast, MDOC's policy applicable to regular mail provides for notice and a hearing when incoming mail is rejected. MDOC Policy Directive 05.03.118 ¶¶ AAA-CCC.

The magistrate judge agreed that the email policy, on its face, "deprives prisoners of the minimum procedural safeguard[s]" required by the applicable caselaw. ECF No. 38 at PageID 273; *see Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Martin v. Kelley*, 803 F.2d 236, 244 (6th Cir. 1986) (prison mail regulations must provide for notice, opportunity to be heard, and appeal of a mail rejection); *Benning v. Comm'r, Georgia Dep't of Corr.*, 71 F.4th 1324, 1331 (11th Cir. 2023), *cert. denied sub nom. Benning v. Oliver*, 144 S. Ct. 1457 (2024) (holding procedural

safeguards applicable to regular mail also apply to email).

Defendants object to this determination, noting that Plaintiff actually received notice of the email rejection, and that the sender would be entitled to protest the rejection under the policy. However, as the magistrate judge noted, the policy does not require the prisoner to receive either notice or a hearing regarding the rejection. MDOC Policy Directive 05.03.119 ¶ C ("An e-mail that is determined to violate PD 05.03.118 shall be rejected. The intended prisoner recipient is not entitled to notice of the rejection or a hearing."). Although Defendants suggest that the magistrate judge misread the policy, the language is clear. The court agrees with the magistrate judge's thorough analysis and conclusion that "PD 05.03.119 deprives MDOC prisoners of the safeguards required for prisoner correspondence" under the applicable precedent. ECF No. 38 at PageID 273.

Therefore, it is **ORDERED** that Defendants' objection (ECF No. 39) is **OVERRULED** and Magistrate Judge Stafford's April 16, 2025 report and recommendation (ECF No. 38) is **ACCEPTED** and **ADOPTED** as the order of the court.

It is further ordered that Defendants' motion for summary judgment (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**, consistent with Magistrate Judge Stafford's report and recommendation.

**SO ORDERED.**

Dated: May 20, 2025                                                         s/F. Kay Behm
                                                                            F. Kay Behm
                                                                            United States District Judge